UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| STEVE GOODWIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV118-175 |
| | ) | |
| FLOCO FLOODS, INC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the parties' Stipulation of Dismissal. Doc. 20. In it, they request that the Court dismiss, with prejudice, all claims brought by plaintiff. Normally, parties are free to voluntarily dismiss their cases. Plaintiff's complaint, however, alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201-219. FLSA claims cannot be compromised in the manner suggested by the parties.

There are only two methods for employees to settle or compromise FLSA claims. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). First, the Secretary of Labor may approve a settlement and oversee the employer's payment of wages owed. *Id.* at

1353.  Second, an employee can settle FLSA claims that are part of a lawsuit brought by the employee against the employer pursuant to 29 U.S.C. § 216(b).  *Lynn's Food Stores*, 679 F.2d at 1353.  This method requires that the parties submit the proposed settlement to the Court for the Court's approval after the settlement is "scrutinz[ed] for fairness." *Id.*

Some Courts have allowed a settlement of a retaliatory discharge claim without scrutiny by the court.  *See, e.g., Hernandez v. Iron Container, LLC*, 2014 WL 633848 (S.D. Fla. Feb. 18, 2014) (reasoning that settlement of a FLSA retaliatory discharge claim without court approval is appropriate "*provided* that the terms of that settlement do not contaminate or affect the settlement of the FLSA wage claim"); *see contra, Pittell v. Tolt Tech. Serv. Grp., LLC*, 2011 WL 13311540, *3 (N.D. W.V. Jan. 7, 2011) (reviewing settlement of retaliatory discharge claim).  While plaintiff's complaint appears to address retaliatory discharge, the settlement cannot likewise compromise any claim for lost wages or backpay.[1]  *See, e.g., Kelly v. Aspire Physical Recovery at*

---

[1] Plaintiff's complaint was filed in the Superior Court of Gwinnett County and does not list individual charges.  Instead it seeks damages for the loss of his employment as well as unassociated damages related to the allegations contained in his complaint.

*Hoover, LLC*, 2018 WL 3186961 (S.D. Ala. June 28, 2018) ("FLSA retaliatory discharge claim is not subject to the same review unless its terms contaminate any associated wage claim.").

As a result, certain information is necessary to permit the Court to assess and approve the fairness of the settlement. First, it should be clear from the record that the parties are in fact engaged in a bona fide dispute as to FLSA coverage, the amount of overtime hours claimed, or other amounts due under the FLSA. *See Lynn's Food*, 679 F.2d at 1353 n. 8, 1355. Second, the parties should attach the settlement agreement to any motion to dismiss this case.[2] *See Dees v. Hydradry*, 706 F. Supp. 2d 1227, 1244 (M.D. Fla. 2010). Third, the Court warns that a pervasive release in the settlement agreement will be considered unfair and warrant denial of the joint motion for approval of the settlement.[3]

---

Doc. 1-4 at 25.
[2] The Court will not seal the motion or the terms of the settlement, unless there are compelling reasons to justify sealing the record which outweigh the interest in public access. *See Webb v. CVS Caremark Corp.*, 2011 WL 6743284, at *1–2 (M.D. Ga. Dec. 23, 2011); *Hens v. Clientlogic Operating Corp.*, 2010 WL 4340919, at *2–3 (W.D.N.Y. Nov. 2, 2010).
[3] " 'Although inconsequential in the typical civil case (for which settlement requires no judicial review), an employer is not entitled to use a FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA.' " *Webb*, 2011 WL 6743284, at *3 (*quoting Moreno v. Regions Bank*, 729 F. Supp.2d 1346, 1351 (M.D. Fla. 2010)). "Indeed, a pervasive release in a FLSA settlement confers an uncompensated, unevaluated, and unfair

The release should be limited to FLSA liability. Fourth, the motion must indicate the amount of the settlement allocated to attorney's fees and whether the attorney's fees were agreed upon separately and without regard to the amount paid to Plaintiff for back wages and liquidated damages.[4]

As a result, the stipulation of dismissal is **REJECTED**. The parties shall have thirty days from the date of this order to file a joint motion for approval of settlement with all the information detailed above. In the alternative, the parties should certify to the Court

---

benefit on the employer." *Id*. (quotations omitted).

[4] This information is necessary because the Eleventh Circuit has stated that:

> [The] FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions.

*Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (affirming district court's rejection of forty percent contingency fee agreement in settlement of FLSA case); *see also Martin v. Huddle House, Inc.*, 2011 WL 611625, at *1 (N.D. Ga. Feb. 11, 2011) ("Part of this reasonableness review may involve some scrutiny of the amount of fees to be paid to plaintiff's counsel."). Further, "[d]istrict courts in this circuit have indicated that if attorney's fees are negotiated simultaneously with a damages award in a FLSA settlement, this should trigger increased scrutiny of the reasonableness of the settlement." *Martin*, 2011 WL 611625, at *2; *see also Bonetti v. Embarq Mqmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (requiring motion to approve settlement agreement to represent "that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff").

whether the settlement encompasses only the dismissal of claims pursuant to retaliatory discharge.

**SO ORDERED,** this <u>19th</u> day of March, 2019.

_/s/ Christopher L. Ray_
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA