## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | |
|---|---|
| STEVE GOODWIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.: 1:18-CV-00175 |
| | ) |
| FLOCO FOODS, INC., | ) |
| | ) |
| Defendant. | ) |

## JOINT MOTION FOR DISMISSAL WITH PREJUDICE

COME NOW, Plaintiff Steve Goodwin ("Plaintiff") and Defendant Floco Foods, Inc. ("Defendant") and jointly move the Court to dismiss the case with prejudice. Alternatively, if the Court declines to dismiss the case with prejudice, the parties jointly move for a telephone status conference with the Court.

As grounds for this Motion, the parties show the Court as follows:

## FACTUAL BACKGROUND

1. This is a retaliation case under the Fair Labor Standards Act ("FLSA").

2. In the Complaint, Plaintiff alleges that he was constructively discharged in retaliation for raising concerns about how Defendant paid other employees under the FLSA. *See* Complaint, paras. 7 - 15 (DOC #1).

3. Defendant denies these allegations and denies that it has any liability to Plaintiff under the FLSA. *See generally* Answer (DOC #2).

4. Plaintiff does not raise any claim for wages or overtime under § 206 or § 207 of the FLSA in his Complaint.

5. The Complaint was originally filed in state court and then removed to the United States District Court for the Northern District of Georgia, Atlanta Division (DOC ##1 and 2).

6. Defendant then filed a motion to transfer venue to the Southern District of Georgia, Augusta Division (DOC #5), which was granted (DOC # 8).

7. The parties have amicably resolved this case and executed a confidential settlement and mutual release agreement ("Agreement"), dated February 5, 2019.  Among other things, the Agreement is contingent upon dismissal of Plaintiff's case with prejudice. If the case is not dismissed with prejudice, then the settlement will be void and of no legal effect.

8. The parties' confidential Agreement is also subject to issuance of a Medicaid waiver (or clearance) letter. A letter acceptable to the parties was issued on March 4, 2019. *See* Motion for Stay (DOC #18).

9. Thereafter, the parties submitted a Joint Stipulation of Dismissal (DOC #20).[1]

10. However, the Court rejected the parties' dismissal based on concerns under the FLSA (DOC #21). In its order, the Court indicated that it did not have sufficient information to assess and approve the parties' settlement.  *Id.* at 3. The Court ordered the parties to (1) provide certain information consistent with *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982) for the approval of wage/overtime claims under the FLSA; or (2) certify to the Court that the only claims the parties seek to dismiss in this suit are pursuant to a retaliatory discharge theory of recovery. *Id.* at 4-5.

---

[1] Based on counsel's understanding of the case law within the Eleventh Circuit which differentiates retaliation claims from wage/overtime claims under the FLSA, the parties did not seek Court approval of their settlement because Plaintiff's only claim is for retaliation under the FLSA.

11. Plaintiff's lead attorney, John Michael Brown, passed away unexpectedly on March 16, 2019. Plaintiff is still represented by Shellana Welch, who has represented Plaintiff as co-counsel since the initiation of this case.

12. As directed by the Court, the parties hereby certify that Plaintiff's only claim in this suit is for retaliation under the FLSA and therefore the dismissal with prejudice relates only to that claim.

13. The parties further certify that:

   a. Without any admission of liability, the parties' settlement sets forth non-wage damages and attorneys' fees and costs, among other terms and conditions.[2]

   b. Plaintiff's allegations in the Complaint do not make any claims for wage or overtime violations under §§ 206 or 207 of the FLSA.

   c. Plaintiff has not filed, and has no intention of filing, in this Court or in any other court a claim for back wages or overtime payments under the FLSA.

   d. Plaintiff does not contend that Defendant or any other person or party affiliated with Defendant: paid him incorrectly under the FLSA; owes him any straight time or overtime pay; or misclassified him as an exempt employee under the law. *See generally* Complaint (DOC #1);

   e. Defendant paid Plaintiff his full salary and all other compensation to which he was entitled for services rendered during Plaintiff's employment and neither Defendant

---

[2] *See generally* 29 U.S.C. § 216(b) (various possible damages are available to a plaintiff who prevails upon his FLSA retaliation claim, to include compensatory damages).

  nor any other person or party affiliated with Defendant owes Plaintiff any other remuneration for such services;

 f. The parties' settlement does not set forth or contemplate any wage payments – in the form of back pay or front pay or straight time or overtime pay – in any amount; and

 g. Likewise, no liquidated damages relating to any wage amounts is included in the parties' settlement.

## ARGUMENT

### A. General Rule under Sections 206 and 207 of the FLSA

The Eleventh Circuit case of *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982), provides that "[t]here are only two ways in which *back wage* claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations." *Id.* at 1352-53 (emphasis added). In the context of private FLSA lawsuits, the district court may approve a proposed settlement and dismiss the underlying lawsuit "after scrutinizing the settlement for fairness." *Id.* at 1353.

### B. Retaliation Claims Are Different

Section "216(c) requires the Department of Labor to supervise settlements of FLSA wage claims [§§ 206 or 207] brought under § 216(b), but says nothing regarding supervision of FLSA retaliatory discharge claims, which are brought under § 215(a)(3)." *Dorner v. Polsinelli, White, Vardeman & Shalton, P.C.*, 856 F. Supp. 1483, 1489 (D. Kan. 1994). The *Dorner* case reasoned:

4

> With respect to the release of a retaliatory discharge claim based on an alleged violation of 29 U.S.C. § 215(a)(3), the plain language of 29 U.S.C. § 216(c) reveals no requirement that the Department of Labor supervise or approve any settlement or release. Thus, the plain language of the statute compels the conclusion that retaliation claims, like the one asserted in this case, may be released without Department of Labor supervision or approval. This common sense reading of section 216(c) is consistent with familiar principles of statutory construction. Courts have long held that where Congress includes particular language in one section of a statute but omits it in another section of the same statute, it is presumed that Congress intended to exclude the language, and the language will not be implied where it has been excluded. *See Russello v. United States*, 464 U.S. 16, 23, 104 S. Ct. 296, 300–01, 78 L.Ed.2d 17 (1983); *West Coast Truck Lines v. Arcata Community Recycling Center, Inc.*, 846 F.2d 1239, 1244 (9th Cir.), *cert. denied,* 488 U.S. 856, 109 S.Ct. 147, 102 L.Ed.2d 119 (1988).
>
> Thus, Congress' omission of any reference to retaliatory discharge claims in the supervision statute, while specifically referring to other statutory claims, clearly implies that Congress did not intend for the supervision statute to apply to retaliation claims. Moreover, the law favors private resolution of disputes. Indeed, this reasoning is consistent with the private settlement of Title VII retaliatory discharge claims and Age Discrimination in Employment Act retaliatory discharge claims.

*Id.* at 1489.

Citing *Dorner* with approval, the court in *Hernandez v. Iron Container, LLC*, No. 13-22170-CIV, 2014 WL 633848, at *2 (S.D. Fla. Feb. 18, 2014) held that "[t]his circumstance caused the court to reason that the plain language of the FLSA and the omission of any reference to supervision of FLSA retaliatory discharge claims in § 216(c) (while specifically referencing FLSA wage claims) supports the conclusion that no supervision of FLSA retaliatory discharge claims is required."

In addition, persuasive precedent within the Eleventh Circuit holds that settlement of retaliation claims under the FLSA (29 USC § 215(a)(3)) do not require Court approval. *See, e.g., Marat v. Eagle Applied Sciences, LLC*, No. 2:17-CV-00102 (S.D. Ga. Jan. 25, 2018) (footnote 1) (copy attached without enclosure) (Exhibit "1"); *Romeo v. Colonial Imports, Ltd.*, No: 6:16-CV-

876-ORL-40, 2016 WL 7644854 (M.D. Fla. Dec. 15, 2016) (footnote 1) ("Plaintiffs also alleged claims against Defendants for retaliation under the FLSA and unpaid wages under Florida statutory law . . . The parties settled those claims and dismissed them, as they do not require court approval for settlement.") (citations omitted), *report and recommendation adopted*, 2017 WL 36373 (M.D. Fla. Jan. 4, 2017); *Thompson v. Dealer Mgmt. Servs., Inc.*, No. 6:16-CV-1468-ORL-40, 2016 WL 7644856, at *2 (M.D. Fla. Dec. 13, 2016) (court need not approve a settlement involving a FLSA retaliation claim, among other claims), *report and recommendation adopted*, 2017 WL 37941 (M.D. Fla. Jan. 4, 2017); *McQuillan v. H.W. Lochner, Inc.*, No. 6:12-CV-1586-ORL-36, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013) ("Settlement of FLSA retaliation claims (or of non-FLSA claims, for that matter) need not be approved by the District Court."). *See also Williams v. Orlando Family Physicians, LLC*, No. 6:16-CV-1213-ORL-41, 2017 WL 3773261, at *2 (M.D. Fla. Aug. 10, 2017), *report and recommendation adopted*, 2017 WL 3732088 (M.D. Fla. Aug. 30, 2017). *But see Jones v. Vinito Tuscan Tavern, LLC,* No. 6:14-CV-2015-ORL-28, 2015 WL 13792030 (in decision not cited by any other court, court held that plaintiff had to follow *Lynn's Foods Stores* in retaliation case).

### C. No "Contamination"

A number of courts within the Eleventh Circuit have further held that a court does not need to review the parties' settlement of Plaintiff's non-wage claims, provided its terms do not serve to contaminate the agreement as to the FLSA wage claim. *See Kelly v. Aspire Physical Recovery at Hoover, LLC*, No.: 2:17-CV-00961, 2018 WL 3186961, at *2 (N.D. Ala. June 28, 2018) (concluding that the court need not review the FLSA retaliation claim and finding that "courts in this Circuit have generally concluded that an FSLA retaliatory discharge claim is not subject to the same review unless its terms contaminate any associated wage claim"); *Jemley v. Umbwa, Inc.*,

6

No. 615CV801ORL41TBS, 2017 WL 3822896, at *2 (M.D. Fla. Aug. 2, 2017) ("Settlement of FLSA retaliation claims (or of non-FLSA claims, for that matter) need not be approved by the district court, 'provided its terms do not serve to contaminate the Agreement as to the FLSA claim.'"), *report and recommendation adopted*, 2017 WL 3732077 (M.D. Fla. Aug. 30, 2017); *Yost v. Wyndham Vacation Resorts, Inc.*, No. 6:10-CV-1583-ORL-36, 2012 WL 1165598, at *3 (M.D. Fla. Mar. 26, 2012) (parties represented to court that they settled plaintiff's state claim and FLSA retaliation claim in a separate settlement agreement), *report and recommendation adopted*, 2012 WL 1165468 (M.D. Fla. Apr. 9, 2012).  *See also Galvez v. Americlean Servs. Corp.*, No. 1:11CV1351 JCC/TCB, 2012 WL 2522814, at *4 (E.D. Va. June 29, 2012) (citing *Yost*: "The Court need not engage in an in-depth review of the parties' settlement of the retaliation claim, provided its terms do not contaminate the settlement of claims relating to unpaid overtime and unpaid wages.").

In this case, there is no underlying wage or overtime claim and the sole claim in the suit is for retaliation.  *See* Complaint, paras. 7 - 15 (DOC #1).  The very nature of Plaintiff's claim – that he was terminated for complaining about the alleged unpaid wages of *other* employees – emphasizes this point. In short, because Plaintiff has no claims under §§ 206 or 207 of the FLSA, such claims could not be undervalued or reduced. Therefore, no "contamination" of the settlement of any such claims has resulted.

## CONCLUSION

As Plaintiff's claim in this suit is solely for retaliation under the FLSA and there is no evidence or possibility of contamination of any wage or overtime claims under the statute, the case should be dismissed with prejudice.  A proposed order is attached.

WHEREFORE, the parties respectfully request that this Honorable Court enter an Order:

(1) GRANTING this Motion; and

(2) DISMISSING this case with prejudice, each party to bear its own attorneys' fees and costs.

(3) Alternatively, if the Court has any remaining concerns regarding the parties' settlement, the parties respectfully request a telephone status conference with the Court. Counsel for the parties are available in the month of April on: April 17 (afternoon); 18 (afternoon); 19; 23-24; 25 (morning); 26; and 29-30. In addition, the parties can otherwise be available at the Court's convenience.

Respectfully submitted this 16th day of April 2019.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

*/s/ Shellana Welch*
Shellana Welch
Georgia Bar No. 484058
Post Office Box 358
Grovetown, Georgia 30813
Telephone: (706) 750-8455
Email: shellana.welch@gmail.com

*Attorney for Plaintiff*

*/s/ Sarah H. Lamar*
Sarah H. Lamar
Georgia Bar No. 431185
200 E. Saint Julian Street
Post Office Box 9848
Savannah, GA 31412-0048
Telephone: (912) 236-0261
Facsimile: (912) 236-4936
Email: slamar@huntermaclean.com

*Attorney for Defendant*

4836-0485-6207 v2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| STEVE GOODWIN, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Action No.: 1:18-CV-00175 |
| | ) |
| FLOCO FOODS, INC., | ) |
| | ) |
| **Defendant.** | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing JOINT MOTION FOR DISMISSAL WITH PREJUDICE upon all parties to this matter by using the CM/ECF system which will send a notice of electronic filing to the following:

> Shellana Welch
> Post Office Box 358
> Grovetown, Georgia 30813
> Email: shellana.welch@gmail.com

This 16th day of April 2019.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

*/s/Sarah H. Lamar*
Sarah H. Lamar
Georgia Bar No. 431185
*Attorneys for Defendant*

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31412-0048
Telephone: 912.236.0261
Facsimile: 912.236.4936
Email: slamar@huntermaclean.com

4836-0485-6207 v2