FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2019 APR 19 AM 11: 35

CLERK
SO. DIST OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

STEVE GOODWIN,  )
 )
        Plaintiff,  )
 )
vs.  ) Civil Action No.: 1:18-CV-00175
 )
FLOCO FOODS, INC.,  )
 )
        Defendant.  )

## ORDER

Before the Court is the parties' Joint Motion for Dismissal with Prejudice in a case asserting a retaliation claim under the Fair Labor Standards Act ("FLSA"). The parties have informed the Court that they have settled this case pursuant to a confidential settlement and mutual release agreement.

Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1350 (11th Cir. 1982), and 29 U.S.C. § 216(c), a court must scrutinize the proposed settlement of a plaintiff's wage and overtime claims under §§ 206 or 207 of the FLSA for fairness. However, settlement of retaliation claims under the FLSA are not handled in the same manner. *See, e.g., Hernandez v. Iron Container, LLC*, No. 13-22170-CIV, 2014 WL 633848, at *2 (S.D. Fla. Feb. 18, 2014) ("omission of any reference to supervision of FLSA retaliatory discharge claims in § 216(c) (while specifically referencing FLSA wage claims) supports the conclusion that no supervision of FLSA retaliatory discharge claims is required."); *Romeo v. Colonial Imports, Ltd.*, No: 6:16-CV-876-ORL-40, 2016 WL 7644854 (M.D. Fla. Dec. 15, 2016) (footnote 1) ("Plaintiffs also alleged claims against Defendants for retaliation under the FLSA and unpaid wages under Florida statutory law…. The parties settled those claims and dismissed them, as they do not

require court approval for settlement.") (citations omitted), *report and recommendation adopted*, 2017 WL 36373 (M.D. Fla. Jan. 4, 2017); *Thompson v. Dealer Mgmt. Servs., Inc.*, No. 6:16-CV-1468-ORL-40, 2016 WL 7644856, at *2 (M.D. Fla. Dec. 13, 2016) (court need not approve a settlement involving a FLSA retaliation claim, among other claims), *report and recommendation adopted*, 2017 WL 37941 (M.D. Fla. Jan. 4, 2017).

Courts within the Eleventh Circuit have held that a court is not required to review the parties' settlement of a plaintiff's FLSA retaliation claim, provided its terms do not serve to contaminate the agreement as to the FLSA wage claim. *See Kelly v. Aspire Physical Recovery at Hoover, LLC*, No.: 2:17-CV-00961, 2018 WL 3186961, at *2 (N.D. Ala. June 28, 2018) (concluding that the court need not review the FLSA retaliation claim and finding that "courts in this Circuit have generally concluded that an FSLA retaliatory discharge claim is not subject to the same review unless its terms contaminate any associated wage claim"); *Jemley v. Umbwa, Inc.*, No. 615CV801ORL41TBS, 2017 WL 3822896, at *2 (M.D. Fla. Aug. 2, 2017) ("Settlement of FLSA retaliation claims (or of non-FLSA claims, for that matter) need not be approved by the district court, 'provided its terms do not serve to contaminate the Agreement as to the FLSA claim.'"), *report and recommendation adopted*, 2017 WL 3732077 (M.D. Fla. Aug. 30, 2017); *Yost v. Wyndham Vacation Resorts, Inc.*, No. 6:10-CV-1583-ORL-36, 2012 WL 1165598, at *3 (M.D. Fla. Mar. 26, 2012) (parties represented to court that they settled plaintiff's state claim and FLSA retaliation claim in a separate settlement agreement), *report and recommendation adopted*, 2012 WL 1165468 (M.D. Fla. Apr. 9, 2012).

In this case, there is no concern for contamination of any underlying wage/overtime claims. The parties have certified that Plaintiff has no wage and overtime claims under the FLSA and that Plaintiff's only FLSA claim is for retaliation. Therefore, after careful

consideration of this Motion, the Court finds that it need not scrutinize the settlement of Plaintiff's FLSA retaliation claim. *Kelly*, 2018 WL 3186961, at *2; *Hernandez*, 2014 WL 633848, at *2; *Yost*, 2012 WL 1165598, at *3.

Accordingly, the motion is GRANTED and this case is DISMISSED WITH PREJUDICE, each party to bear its own attorneys' fees and costs. The Clerk of Court is DIRECTED to close this case.

This 19th day of April, 2019.

Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia